IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


JOHNNIECE OWENS,                        )       CASE NO. 1:17 CV 2453
                                        )
                Plaintiff,              )
                                        )
                                        )       MAGISTRATE JUDGE
v.                                      )       WILLIAM H. BAUGHMAN, JR.
                                        )
COMMISSIONER OF SOCIAL                  )
SECURITY,                               )       **<u>MEMORANDUM OPINION &</u>**
                                        )       **<u>ORDER</u>**
                Defendant.              )


## Introduction

Before me[1] is an action for judicial review of the final decision of the Commissioner

of Social Security denying the applications of the plaintiff, Johnniece Owens, for disability

insurance benefits and supplemental security income.[2]  The Commissioner has answered[3]

and filed the transcript of the administrative record.[4]  Under my initial[5] and procedural[6]

---

[1] ECF No. 23.   The parties have consented to my jurisdiction.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF No. 6.
[6] ECF No. 11.

orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in oral argument.[10]

For the reasons set forth below, I conclude that the RFC findings as to all limitations except interaction with others is affirmed, but the RFC finding regarding interaction with others must be reversed and remanded for reconsideration as to that limitation.

## Facts

### A. Background facts and decision of the Administrative Law Judge ("ALJ")

Owens, who was 44 years old at the administrative hearing, graduated high school and had a STNA certification.[11] She was not married and lived with two of her children.[12] Her past relevant employment history includes work as a nurse assistant, phlebotomist, hand packager, small business owner, and home attendant.[13]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Owens had severe impairments consisting of: hemigianoma, status post resection and radiation; epilepsy; asthma; bipolar disorder; depression; post-traumatic stress disorder; and general anxiety disorder.[14] The ALJ found

---

[7] ECF No. 18 (Commissioner's brief); ECF Nos. 16 and 19 (Owens's briefs).
[8] ECF No. 18, Attachment 1 (Commissioner's charts); ECF No. 16, Attachment 2 (Owens's charts).
[9] ECF No. 17.
[10] ECF No. 22.
[11] ECF No. 17 at 1.
[12] ECF No. 10, Transcript ("Tr.") at 214.
[13] *Id.* at 194.
[14] *Id.* at 187.

Owens had the residual functional capacity ("RFC") to perform light work as defined in the regulations, with additional limitations.[15]

The ALJ decided that this residual functional capacity precluded Owens from performing her past relevant work.[16] Based on testimony by the vocational expert ("VE") at the hearing, the ALJ determined that a significant number of jobs existed nationally that Owens could perform.[17] The ALJ, therefore, found Owens not under a disability.[18]

**B.     Issues on judicial review**

Owens asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Owens presents the following issues for judicial review:

- Whether the ALJ properly considered the medical opinion of consultative examiners Michael Faust, Ph.D., and Pamela Corrigan, M.A.

- Whether the ALJ properly considered the medical opinions of state agency psychological consultants Tonnie Hoyle, Psy.D., and Kristen Haskins, Psy.D.

---

[15] *Id.* at 190.
[16] *Id.* at 194.
[17] *Id.* at 195.
[18] *Id.*

## Analysis

### A.    Applicable legal principles

### 1.    *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions.   However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ."   In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence.   Substantial evidence is "'more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.   This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.   If such is the case, the Commissioner survives "a directed verdict" and wins.[20]   The court may not disturb the

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).
[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).

Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**B.    Application of standards**

The dispositive issue relates to the opinions of the State agency reviewing sources and the ALJ's treatment thereof.

> The ALJ gave the opinions of a consulting examiner and the state agency reviewing sources great weight. These opinions support a limitation in the RFC to superficial interactions with others and away from the distractions of others. The RFC contains a limitation for frequent interaction with supervisors and occasional interaction with co-workers and the public. The ALJ did not explain why he did not incorporate the greater limitation opined by the state agency sources into the RFC. Does substantial evidence support the lesser limitation adopted?

The ALJ's analysis assigning great weight to the opinions of the state agency reviewing sources has the support of substantial evidence. Owens challenges not the weight assigned to those opinions but rather the ALJ's unexplained failure to adopt the state agency sources' limitations to infrequent contact with supervisors and the need to work in an environment with minimal distractions. As the agency's own interpretation of the regulations makes plain, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical

---

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

source, the adjudicator must explain why the opinion was not adopted."[22]   The ALJ

considered and addressed the state agency source opinions.   He had not however, explain

why he did not adopt the limitations on those opinions despite the great weight assigned

to them.

At oral argument, counsel for the Commissioner conceded that the ALJ's decision

contains no explanation for the adoption of less limitations than opined by the state agency

sources.   Nevertheless, she argued that the lesser limitations are consistent with the

agency function report (a report the state agency reviewing sources had as part of the

administrative record when they gave their opinions and which predated the onset of

Owens's brain tumors).   Counsel also argued that the jobs identified by the VE had DOT

numbers that provided for minimal interaction with others, while conceding the VE, ALJ,

and counsel herself did not reference this in their respective testimony, decision, or brief.

This is, therefore, *post hoc* rationalization on the Commissioner's part.

---

[22] SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY RULING 96-8P, POLICY
INTERPRETATION RULING TITLES II AND XVI: ASSESSING RESIDUAL FUNCTIONAL
CAPACITY IN INITIAL CLAIMS, 1996 WL 374184, at *7 (July 2, 1996) ("SSR 06-03p").

## Conclusion

While substantial evidence supports most of the limitations in the ALJ's RFC findings, the RFC finding regarding interaction with supervisors and the absence of any provision for a work environment without distractions lack substantial evidence. As to those limitations, the decision is reversed and remanded for consideration of whether such limitations should be incorporated into the RFC and, if so, whether there are a significant number of jobs in the national economy that Owens can perform with those limitations. [23]

IT IS SO ORDERED.


Dated: November 29, 2018                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

---

[23] Neither the ALJ nor Owens's attorney posed a hypothetical to the VE incorporating the limitation to superficial interaction away from distractions. The record is silent, therefore, as to whether there is a significant number of jobs in the national economy that Owens could perform under the greater limitation